**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose YANEZ–DOMINGUEZ,**
**Defendant–Appellant.**

**No. 16–50483**

United States Court of Appeals,
Ninth Circuit.

Submitted September 26, 2017 *

OCTOBER 2, 2017

Benjamin Holley, Assistant U.S., Blanca Quintero, Helen H. Hong, Assistant U.S., Office of the US Attorney, San Diego, CA, for Plaintiff–Appellee.

Holly A. Sullivan, Law Office Of Holly A. Sullivan, San Diego, CA, for Defendant–Appellant.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Jose Yanez–Dominguez appeals from the district court's judgment and challenges the 18–month sentence imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Yanez–Dominguez contends that the district court improperly relied on his criminal history as a reason to deny the parties' joint request for a fast-track departure under U.S.S.G. § 5K3.1 and impose an above-Guidelines sentence. The court did not abuse its discretion. *See United States v. Rosales–Gonzales,* 801 F.3d 1177, 1180 (9th Cir. 2015). The court properly considered Yanez–Dominguez's criminal and immigration history, including his two previous illegal reentry offenses for which he received lengthy sentences. *See id.* at 1184. Moreover, the 18–month sentence, two months above the high end of the guideline range, is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.